█ In the Matter of SENATE SYNDICATE, INC., Appellant, v NEW YORK INSURANCE EXCHANGE, INC., et al., Respondents.— Judgment, Supreme Court, New York County (Carol Huff, J.),

entered on or about February 23, 1989, denying petitioner's cross motion for partial summary judgment, and granting respondents' motion to dismiss the petition in this CPLR article 78 proceeding, unanimously affirmed, without costs.

Petitioner seeks a determination that it is entitled to interest upon moneys withdrawn yet unused by respondent NYIE Security Fund, Inc. from the deposit fund consisting of the aggregate $500,000 deposits which petitioner and other "Underwriting Members" of respondent New York Insurance Exchange are required to make. By definition, however, as set forth in article XIII, § 1 (b) of the constitution and bylaws which govern the Exchange and its participating members, the "Deposit Fund" consists of only those deposits remaining, "less disbursements and withdrawals therefrom." Thus, while article XIII, § 4 of the constitution and bylaws does give underwriting members such as petitioner an ownership interest in the "Deposit Fund", that interest is limited to the extent "it may be * * * utilized * * * or called upon." It is clear that once the deposit fund has been drawn upon in accordance with the provisions of the constitution and bylaws, the funds so withdrawn are no longer part of the deposit fund and petitioner can claim no entitlement to any part of the funds so withdrawn. Moreover, determinations as to the necessity for using the funds or the amount needed should not be disturbed where, as here, they have a rational basis. (See, Matter of Pell v Board of Educ., 34 NY2d 222.) Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.